IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 04-2489-D/An |
| vs. | ) | |
| | ) | |
| | ) | |
| SHELBY COUNTY GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Dkt. # 15)

Before the Court is the motion of Defendants Shelby County Government, Hope Rogers-Fleming, David Barber, George Little, C. Holmes, D. Webb, Jett, Primis Brewer, Mathis, and Chief Long (collectively "Defendants"[1]) to dismiss or, alternatively, for summary judgment.[2] For the reasons set forth herein, Defendants' motion for summary judgment is GRANTED.

I.  FACTS

Plaintiff Michael Williams ("Plaintiff"), a *pro se* litigant, was incarcerated at Shelby County Division of Corrections ("SCDC") in Shelby County, Tennessee, on May 5, 2004. The SCDC is a correctional facility owned and run by the Shelby County Government, a county municipal entity in

---

[1]The names of all Defendants were taken *literatim* from Plaintiff's Complaint.

[2]Plaintiff did not submit a response to Defendants' motion filed March 3, 2005.



the State of Tennessee.[3] The individual Defendants are all management-level employees with SCDC Food Service.

On May 8, 2004, Plaintiff asserts that an SCDC medical personnel evaluated him, approved his dietary request for vegetarian meals, and issued him a "special diet slip." According to Plaintiff, a copy of the special diet slip was forwarded to the SCDC Food Service, and he was advised to keep the original special diet slip on his person.

On June 10, 2004, Plaintiff completed and submitted a SCDC Division of Correction E-Building Inmate Informal Complaint ("informal complaint"). In the informal complaint, Plaintiff expressed concern about the "vegetarian meal" he was given for dinner. While at the SCDC, no special vegetarian meal was made for Plaintiff, only the non-meat portions of the standard meal were given to him. Plaintiff submitted numerous informal complaints to the SCDC. Plaintiff asserts that since his SCDC detention, he has lost weight, suffered gastric discomfort, and incurred mental anxiety. Plaintiff sues SCDC as an entity of a municipal government, and the remaining Defendants, individually, and in their official capacity.

## II.   LEGAL STANDARD[4]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make

---

[3] Plaintiff names the SCDC as Defendant, but the appropriate party is the Shelby County Government.

[4] Defendants' motion was for dismissal under Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment under Fed. R. Civ. P. 56. The Court has considered Defendants' motion as one for summary judgment for purposes of this Order. Accordingly, the Court has taken into consideration the entire written record in its analysis.

a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This in turn may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. Supp. 1996).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l, 171 F.3d 1065, 1068 (6th Cir. 1998). The court may consider any material that would be admissible at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1983). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324, 106 S.Ct. at 2553; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Walbourn v. Erie County Care Facility, 150 F.3d 584, 588 (6th Cir. 1998). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

## III. ANALYSIS

Plaintiff asserts violations of his constitutional rights by Defendants pursuant to 42 U.S.C. § 1983. Title 42 of the United States Code, section 1983 states in pertinent part;

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A municipal liability claim against a government entity must be examined by applying a two-pronged inquiry: (1) whether the plaintiff has asserted the deprivation of a constitutional right at all; and (2) whether the defendant is responsible for that violation. A municipality may only be liable for a constitutional tort when the action occurred pursuant to a municipal policy, practice, or custom. Doe v. Claiborne County, Tennessee, 103 F.3d 495, 505-06 (6th Cir. 1996). Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 167-69 (1993). Either an affirmative policy or a policy of inaction can suffice to support municipal liability. Claiborne County, Tennessee 103 F.3d at 508. To state a claim for municipal

4

liability under "inaction" theory in a federal civil rights action, a plaintiff must establish (1) the existence of a clear and persistent pattern of activity by municipal employees, (2) notice or constructive notice on the part of the municipality, (3) tacit approval by the municipality of unconstitutional conduct such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction, and (4) that the municipality's custom was the moving force or direct causal link in the constitutional deprivation. 42 U.S.C. § 1983; see, e.g., Claiborne County, Tennessee, 103 F.3d at 508.

In the case at bar, Defendants assert that Plaintiff's claim of a right to obtain vegetarian meals for a non-medical and non-religious purpose does not amount to a constitutional right under 42 U.S.C. § 1983. The SCDC manual given to inmates states in relevant part:

> The Division provides you with a healthy, nutritious diet. Food Services (sic) plan a six [6]week menu. . . . Special diets are prepared as needed for medical or religious reasons. Food Services will provide vegetarian diets if requested.

Plaintiff does not assert a medical reason or religious reason for his special meal request. Plaintiff contends that the 11 named employees of the SCDC inadequately complied with his request for a vegetarian meals pursuant to his having received a special diet slip. All of Plaintiff's claimed health problems were subsequent to his relying on non-meat portions of the standard meals for his physical sustenance.

The Eighth Amendment "'does not mandate comfortable prison conditions,' . . . and only those deprivations denying the minimal civilized measure of life's necessities, are sufficiently grave" to state a cognizable section 1983 claim based on the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Absent religious or medical circumstances, a prisoner does not have a right to a specialized diet while incarcerated. See Word v. Croce, 169 F. Supp.2d 219, 226 (S.D.N.Y. 2001)

5

(quoting Maulding v. Peters, 1995 WL 461914 (N.D. Ill. 1995)).

The Court finds that Plaintiff holds no constitutional right to the requested special diet and that Defendants' inaction does not rise to the level of deliberate indifference required to state an Eighth Amendment claim. In fact, Plaintiff's commissary receipt lists a number of purchases of "beef soup" and "cajun soups." The Court finds that the record taken in its entirety does not create a genuine issue of material fact as to Plaintiff's § 1983 claim.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' motion for summary judgment.

**IT IS SO ORDERED** this 11th day of July, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-02489 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

M. Dell Stiner
THE WHARTON FIRM
147 Jefferson Avenue
Ste. 1205
Memphis, TN 38103

Michael Williams
123104
1045 Mullins Station Road
Memphis, TN 38134

Honorable Bernice Donald
US DISTRICT COURT